**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Girtha Terry, et al., | ) | No. CV 06-3074-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| U.S. Department of Housing and Urban Development, et al., | ) | |
| Defendants. | ) | |

The court has before it defendants Capitol Mews Apartments, L.P. ("Capitol Mews") and Legacy Partners Residential Development, Inc.'s ("Legacy Partners") motion for summary judgment (doc. 13) and statement of facts (doc. 14), plaintiffs' "Objections for all the Defendants' False Motion for Summary Judgment" (doc. 20) and defendants' reply (doc. 19). For the reasons stated below, we grant defendants' motion.

On a motion for summary judgment under Rule 56, Fed. R. Civ. P., the moving party carries the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). When the moving party satisfies this initial burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. Id. at 324, 106 S. Ct. at 2553-54.

This case involves plaintiffs' "search for suitable housing." Complaint (doc. 1) at 1. Plaintiffs allege a claim of "illegal discrimination." Id. In particular, they contend that

1 plaintiff Girtha Terry "has been discriminated against on the basis of Age - Disabilities, Civil
2 Rights, etc.) and Breach of [Section 8] Voucher."  Id.  However, the only allegations
3 pertaining to defendants Capitol Mews and Legacy Partners contend that Tami Marron, a
4 Legacy Partners apartment manager, sent plaintiffs an "Over/Under Rent Payment Notice"
5 on January 25, 2006 "Wilful and Knowingly that PHA had not paid their assistance
6 payment." Complaint at 4 (citing Complaint at 19).

7 The importance of this allegation is unclear.  At most, it implies that Legacy Partners
8 attempted to charge plaintiffs a portion of the rent that the City of Phoenix's Section 8
9 Housing Assistance Program had agreed to pay.  Yet the January 25, 2006 notice plaintiffs
10 complain of simply notified plaintiffs that (1) the City of Phoenix Housing Department failed
11 to pay its share of the monthly rent and (2) plaintiffs failed to pay plaintiffs' share of
12 remaining charges, including various utilities.  See Complaint at 19-21 (Over/Under Rent
13 Payment Notice with Itemizing Charges).  This notice in no way supports plaintiffs' "illegal
14 discrimination" claim.

15 Defendants argue that because plaintiffs' complaint is devoid of (1) allegations of
16 discrimination, (2) facts supporting a discrimination claim, and (3) allegations regarding
17 violations of the Fair Housing Act, there are no genuine issues of fact.  See Motion for
18 Summary Judgment at 5.  We agree.  Defendants' evidence establishes that defendants
19 abided by the terms of the lease agreement entered into with plaintiffs.  See Affidavit of Tami
20 Marron, DSOF Exhibit A.  Defendant's evidence also establishes that defendants gave
21 plaintiffs ample notice of plaintiffs' non-payment of rent, and credited plaintiffs' account
22 when the Phoenix Housing Program's Section 8 Assistance Department issued subsidy
23 payments. Id.  Defendants have established that there are no genuine issues of fact as to the
24 claims against them.  Plaintiffs have presented no rebuttal evidence.  Therefore, we grant
25 defendants' motion for summary judgment.

26 We also grant defendants' motion on an alternative ground.  Defendants argue that
27 plaintiffs' "Objections" to the motion for summary judgment are non-responsive.  Reply at
28 2. In fact, plaintiffs' objections seemingly request a default judgment against all defendants.

1  Objections at 1. We have already denied plaintiffs' motion for default judgment, see April
2  10, 2007 Order (doc. 12), and plaintiff has appealed our denial of that motion, see Notice of
3  Appeal (doc. 15). Plaintiffs also mention a "final judgment" entered in a Maricopa County
4  Court, but do not explain the significance of that judgment. Objections at 1. Defendants
5  contend that the referenced judgment was entered in favor of defendant Legacy Partners.
6  Reply at 2. Next, plaintiffs list and define the terms "willfully and knowingly" and "final
7  judgment." Objections at 1-2. This language also appears in their Notice of Appeal, and
8  adds nothing to their claims. Therefore, we deem plaintiffs' failure to respond to defendants'
9  summary judgment motion a consent to the granting of that motion. See LRCiv 7.2(i).

10  **THEREFORE, IT IS ORDERED GRANTING** defendants Capitol Mews
11  Apartments, L.P. and Legacy Partners Residential Development, Inc.'s motion for summary
12  judgment (doc. 13).

13  DATED this 14th day of August, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge